1/1/2022

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In Re:
DAVID MICHAEL SIMON and
LISA DANIELLE GOODMAN,

Case No. 26-10625 (JPM)

**CHAPTER 13 PLAN**

Debtor(s)

-----------------------------------------------------------------x

☒ **This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:**

Second Amended Plan. To increase the monthly plan payment to not less than $1,400.00 per month beginning October 2026, consistent with the Debtors' post-petition consulting income disclosed on the Amended Schedules I and J filed October 6, 2026 [ECF No. 67], as further amended on October 19, 2026 [ECF No. 75], and to credit the payments made to the Trustee since April 2026; to reflect the Exclusive Right to Sell agreement with Sotheby's International Realty, Inc. dated September 16, 2026 and the pending application to retain Sotheby's [ECF No. 60]; to reflect the Debtors' objections to Claim Nos. 8, 10 and 11 [ECF Nos. 57, 56, 58] and the disputed New York State Department of Taxation and Finance Claim No. 1; to conform the disputed-claims reserve to the claims actually filed; and to update the retained estate claims, including the pending motion against the New York City Marshal [ECF No. 62].

## PART 1: NOTICES

**1.1 Notice to Debtor(s):** This Form Plan sets out options that may be appropriate in some cases, but the presence of an option on the Form Plan does not indicate that the option is appropriate in your circumstances. To be confirmable, this Plan must comply with the Bankruptcy Code, the Bankruptcy Rules, judicial rulings, and the Local Rules.

☐ By checking this box, Debtor(s) acknowledges that he/she is not eligible for a discharge pursuant to 11 U.S.C. §1328(f).

[Prior Case number: N/A; petition date: N/A; discharge date in prior case: N/A]

**1.2 Notice to Creditors**: If you oppose the Plan's treatment of your claim **or any provision of this Plan**, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.
Amounts stated in allowed claims shall control over this plan, unless otherwise determined by the Court pursuant to Bankruptcy Rule 3012.
This Plan shall be binding upon its confirmation. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one who practices bankruptcy law.
The Bankruptcy Court may confirm this Plan without further notice if no objection is filed. *See* Bankruptcy Rule 3015.

**1.3 Debtor(s) must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "does not", if both boxes are checked, or no box is checked, the provision will be ineffective if set out later in the Plan.**

In accordance with Bankruptcy Rule 3015.1, this Plan:

☒**does** / ☐ does not contain any nonstandard provision (See Part 8 herein for any non-standard provision);
☐does / ☒ does not limit the amount of a secured claim based on valuation of the collateral for the claim (See Part 3 herein);
☐does / ☒does not avoid a security interest or lien (See Part 3 herein);
☐does / ☒ does not request loss mitigation (See Part 3 herein).

**PART 2: PLAN PAYMENTS AND DURATION**

The Debtor(s) shall make up to 36 monthly payments to the Trustee as follows:

| Payment Amount | Commencing (Month and Year) | Ending (Month and Year) | Number of Months |
|---|---|---|---|
| $200.00 | April 2026 | August 2026 | 5 (paid) |
| $1,000.00 | September 2026 | September 2026 | 1 (paid) |
| Not less than $1,400.00 | October 2026 | March 2029 | Up to 30, or until closing (Part 8, ¶ 3), extendable for cause under 11 U.S.C. § 1322(d)(2) |
| | | | |
| | | | |

**2.1** Debtor's future earnings are submitted as provided in the Plan to the supervision and control of the Trustee as described above. Debtor(s) will make the first Plan payment no later than thirty [30] days after the date the Petition was filed. All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com. In the event the plan is not feasible, at the end of the case, the Debtor(s) shall be permitted to remit up to $1,000.00 to the Trustee as an additional payment to cure this defect without leave of the Court. Debtor(s) shall be notified of the issue via letter filed on the Court's docket and the Debtor(s) shall have 30 days to remit payment.

**2.2 Income Tax Refunds.**
Unless otherwise ordered by the Court, if general unsecured creditors are paid less than 100%, as provided in Part 6 of this plan, the Debtor(s) shall provide the Trustee with signed copies of their federal and state tax returns filed post-petition, no later than May 15th of the year following the tax period, unless evidence of an extension has been provided to the Trustee, in which case such return shall be provided to the Trustee within 30 days of being filed. All future net tax refunds in excess of $1,500 per tax filer shall be paid to the Trustee for the duration of the Plan upon receipt, however no later than June 15th of the year in which the tax returns are filed.

**2.3 Irregular Payments.** *Check one.*
☐None. If "None" is checked, the rest of subsection 2.3 need not be completed and may be collapsed/omitted.
☒**Debtor(s) will make irregular payment(s) to the Trustee from other sources, as specified below:**

| Source | Estimated Amount | Date of Payment (Anticipated) |
|---|---|---|
| Net proceeds of the Court- | Approx. $2,395,000 | At closing; within 12 months of confirmation (see |

| | | |
|---|---|---|
| | | |

**PART 3: TREATMENT OF SECURED CLAIMS**

**3.1 Maintenance of payments and cure of default, if any.**
**(a) Post-Petition Payments.**
☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
☐The Debtor(s) shall pay the current contractual installment payments on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with applicable rules (insert additional rows as needed):

| **Name of Creditor** | **Last 4 Digits of Account Number** | **Principal Residence** (check box) | **Property Description** (i.e. address or year/make/model) | **Current Payment Amount** |
|---|---|---|---|---|
| | | ☐ | | |
| | | ☐ | | |
| | | ☐ | | |

**(b) Prepetition Arrearages.**
☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
(i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed secured claim and shall have a "0" balance upon entry of the discharge order in this case.
(ii) Information Regarding Prepetition Arrearages (insert additional rows as needed):

| **Name of Creditor** | **Last 4 Digits of Account Number** | **Principal Residence** (check box) | **Property Description** (i.e. address or year/make/model) | **Arrears as of Petition Date** | **Interest** (if any) |
|---|---|---|---|---|---|
| | | ☐ | | | |
| | | ☐ | | | |
| | | ☐ | | | |

**3.2 Surrender.** *Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*
☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
☐Debtor(s) surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted for all purposes as to the collateral to be surrendered. The Secured Creditor shall not receive payment under the Plan unless a deficiency claim is filed. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 6 below.

| **Name of Creditor** | **Property Description** (i.e. address or year/make/model) | **Last 4 Digits of Account Number** |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**3.3 Avoidance of wholly unsecured liens and valuation of security/bifurcation of liens.**
*[Note: Bifurcation is not applicable to Real Property Used as a Principal Residence or property listed under Section 3.1 of this Plan.] Check one.*

☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
☐ Debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the Court upon determination of such motion. This paragraph shall only be effective if the applicable box in **Part 1** of the plan is checked. This paragraph shall not modify liens underlying any secured claims under non-bankruptcy law absent an order determining such motion, and either completion of payments under the plan or entry of discharge of the Debtor(s), as determined by the Court.

| **Name of Creditor** | **Property Description** (i.e. address or year/make/model) | **Last 4 Digits of Account Number** | **Value of Collateral** | **Total Amount of Claim** | **Estimated amount of Secured Claim** | **Estimated amount of Unsecured Claim** |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**3.4 Claims secured by personal property which must be paid in full.** *Check one.*
☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
The claims listed below were either:
☐ incurred within 910 days before the Petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s); or
☐ incurred within 1 year of the Petition date and secured by a purchase money security interest in any other thing of value.
These claims will be paid in full under the Plan with interest at the rate stated below.

| **Name of Creditor** | **Property Description** (i.e. address or year/make/model) | **Last 4 Digits of Account Number** | **Amount of Secured Claim** | **Interest Rate** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**3.5 Loss Mitigation of the Debtor's real property used as a principal residence.** *Check one.*
☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
☐ By checking this box and completing this section, the Debtor(s) shall serve and file a separate request for loss mitigation on proper notice to affected creditors in accordance with Local Rule 9019-2, which governs a court-ordered loss mitigation program, pursuant to which parties may deal with issues such as a loan modification, loan refinance, sale, or surrender in full satisfaction, concerning the Debtor's real property used as a principal residence. Address of the property must match the address listed as the Debtor's residence on the Petition.

| Name of Creditor | Property Address | Last 4 Digits of Account/Lien Number | Amount of Secured Claim |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

*See http://www.nysb.uscourts.gov/loss-mitigation*
*and http://www.nysb.uscourts.gov/sites/default/files/ch13DebtorInstructions.pdf*.

**3.6 Additional provisions relating to Secured Creditors.**
(a) Secured Creditors with a security interest in the Real Property Used as a Principal Residence shall comply with all provisions of Bankruptcy Rule 3002.1.
(b) If relief from the automatic stay is ordered as to any secured claim listed in this Part, then, unless otherwise ordered by the Court, that claim will no longer be treated by the Plan and all payments under this Part of the Plan on such secured claim shall cease.

**PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS**

**4.1 General.**
Trustee's fees and all allowed priority claims, including domestic support obligations and other unsecured priority claims will be paid in full without post-Petition interest.

**4.2 Trustee's fees.**
Trustee's fees are governed by statute and may change during the case.

**4.3 Attorney's fees.**
Remainder of flat fee to be paid through Plan, if any: $ 1.00
Fees and costs exceeding the flat fee shall be paid from funds held by the Trustee as an administrative

expense after application to and approval by the Court, pursuant to 11 U.S.C. §330(a)(4) and Bankruptcy Rule 2016 unless otherwise ordered by the Court.

**4.4 Unsecured domestic support obligations.** *Check one.*
☒**None.** If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.
☐ Debtor(s) has a domestic support obligation and is current with this obligation and will remain current on this obligation.
☐ Debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Arrears as of Petition Date, if any |
|---|---|
| | |
| | |

**4.5 Other unsecured priority claims, including tax claims.**

| Name of Creditor | Arrears as of Petition Date |
|---|---|
| New York State Department of Taxation and Finance (Claim No. 1): estimated 2019 personal income tax assessment, no return filed. DISPUTED; the Debtors will object. Paid only to the extent allowed, from sale proceeds (Part 8, ¶ 2(d)). | $53,182.78 asserted as priority; $19,519.52 asserted as general unsecured (penalties). Disputed in full. |
| | |
| | |

**PART 5: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
☒**None.** If "None" is checked, the rest of this section need not be completed and may be collapsed/omitted.
☐ Executory contracts and unexpired leases as listed below:

**5.1 Assumed.**

| Name of Creditor | Description of Property | Current Installment Payment by Debtor(s) | Arrears as of Petition Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**5.2 Rejected.**

| Name of Creditor | Property Description |
|---|---|
| | |
| | |
| | |

**PART 6: NONPRIORITY, UNSECURED CLAIMS**

**6.1 Allowed nonpriority, unsecured claims shall be paid *pro rata* from the balance of payments made under this Plan.** *Check one.*

☒ Not less than 100% of the total amount of these claims.

☐ Pro rata from the funds remaining after disbursement have been made to creditors provided for in this plan.

**PART 7: MISCELLANEOUS**

**7.1** Post-petition payments including, but not limited to mortgage payments, vehicle payments, real estate taxes, income taxes, and domestic support obligations are to be made directly by the Debtor(s) unless otherwise provided for in the plan.

**7.2** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

**7.3** The Debtor(s) shall not sell, encumber, transfer, or otherwise dispose of any real or personal property with a value of more than $5,000.00 without Court approval.

**PART 8: NONSTANDARD PLAN PROVISIONS**

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provision will be effective only if there is a check in the box "included" in §1.3.**

**This is a sale-based Plan. The Debtors will pay all allowed claims in full (100%) from the net proceeds of the sale of their real property, as set forth below.**

1. Sale of Real Property. The Debtors are authorized to sell their real property located at 130 West 30th Street, Unit 16A, together with storage unit STR 11, New York, New York 10001 (the "Property"), through Sotheby's International Realty, Inc. ("Sotheby's"), with which the Debtors have executed an Exclusive Right to Sell – Condominium agreement dated September 16, 2026 (executed by Sotheby's on September 17 and by the Debtors on September 18, 2026), at a listing price of $2,395,000 for the residential unit, for a listing term running through March 17, 2027, which supersedes the agreements dated July 11 and August 6, 2026 (the "Listing Agreement"). The Debtors' application to employ Sotheby's, with the Listing Agreement annexed, was filed September 23, 2026 [ECF No. 60] and is pending. Sotheby's compensation shall be allowed and paid only as provided in the order approving its retention and any order approving the sale. Any sale shall be subject to the approval of this Court pursuant to 11 U.S.C. §§ 363(b) and (f), made applicable by 11 U.S.C. § 1303, on notice under Bankruptcy Rules 2002 and 6004. The Debtors shall file a motion to approve the sale upon receipt of an acceptable offer.

2. Distribution of Sale Proceeds; Direct Disbursement. At closing, the net proceeds of the sale shall be applied in the following order: (a) ordinary and necessary costs of sale, including the broker's commission as allowed by the Court, transfer taxes, and closing costs; (b) the allowed secured claims of Metropolitan Life Insurance Company (serviced by Fay Servicing, LLC; Claim No. 10) and Citibank, N.A. (serviced by Cenlar FSB; Claim No. 8), in order of priority, each paid in full to the extent allowed, inclusive of post-petition amounts properly accrued through closing, provided that the Debtors' objections to those claims [ECF Nos. 56, 57] are pending, and any portion of either claim that remains disputed at closing shall be reserved in escrow from the proceeds, with the creditor's lien attaching to the reserved proceeds to the same extent, validity, and priority as it attached to the Property, pending allowance, and each such holder shall retain its lien until its allowed secured claim is paid in full, with post-petition interest, fees, and charges allowed only to the extent permitted by 11 U.S.C. § 506(b); (c) the claim of the Board of Managers of the 130 West 30th Street Condominium (Claim No. 11), only to the extent ultimately allowed — the Debtors have objected to that claim [ECF No. 58], including as untimely under 11 U.S.C. § 502(b)(9) (filed July 24, 2026, after the June 2, 2026 bar date), and reserve all rights with respect to the underlying judgment — with the full disputed amount reserved in escrow at closing and the Condominium's lien attaching to the reserved proceeds to the same extent, validity, and priority as it attached to the Property, pending allowance; (d) allowed administrative and priority claims, if any (including the Trustee's statutory commissions on plan receipts, any Court-approved professional fees, and, only if and to the extent allowed, the disputed estimated assessment of the New York State Department of Taxation and Finance (Claim No. 1, designated "EST – Estimated (No Return Filed)" on its face), to which the Debtors will object); (e) allowed general nonpriority unsecured claims, in full (100%); and (f) any remaining surplus to the Debtors. Payments under clauses (a) through (c), and the funding of the escrows, shall be disbursed directly by the closing agent at closing and shall not constitute receipts by or payments through the standing Trustee; amounts required for clauses (d) and (e), to the extent not already on hand with the Trustee from the payments described in paragraph 3, shall be remitted to the Trustee for distribution. The sale may be made free and clear of the liens securing Claim Nos. 8, 10 and 11 pursuant to 11 U.S.C. § 363(f)(2) and (f)(4), with such liens attaching to the proceeds as provided above. For the avoidance of doubt, all secured claims are provided for in this Part 8; post-petition accruals on secured claims are provided for under clause (b) above and shall be satisfied at closing; and other post-petition obligations shall be addressed as provided in paragraph 4 and Section 7.1.

3. Plan Payments to the Trustee; Credit for Payments Made. The Debtors have paid the Trustee the $200.00 monthly payments provided for by the plan filed August 17, 2026 [ECF No. 40] for April through August 2026, $1,000.00 for September 2026, and $1,400.00 for October 2026, each through the Trustee's electronic payment system. Beginning with the payment for November 2026 and continuing until the closing of the sale, the Debtors shall pay the Trustee not less than $1,400.00 per month. The Debtors may pay more than the stated amount in any month, and all amounts paid to the Trustee before confirmation are credited to the Plan. Funds held by the Trustee shall be applied to Trustee's fees, allowed administrative and priority claims, and allowed general unsecured claims in the order provided by the Bankruptcy Code; the monthly payments are in addition to, and not in substitution for, the sale proceeds, from which all allowed claims shall be paid in full. Upon the closing of the sale and payment in full of all allowed claims, the Debtors' obligations under the Plan shall be deemed satisfied, and any funds then held by the Trustee in excess of the amounts required to pay allowed claims and Trustee's fees shall be returned to the Debtors.

4. Post-Petition Obligations Paid Directly. Pending closing, the Debtors shall pay directly, and not through the Trustee, the post-petition monthly installments on the first mortgage (Fay Servicing, LLC, as servicer for Metropolitan Life Insurance Company) and the home equity line of credit (Cenlar FSB, as servicer for Citibank, N.A.), and the post-petition common charges and assessments on both units to the 130 West 30th Street Condominium, as they come due, and shall maintain insurance on the Property. The Debtors have made such payments since the petition date and have reported them to the Court [ECF No. 53]. No pre-petition arrearage is cured through Part 3 of this Plan because every allowed secured claim is paid in full at closing under paragraph 2; Sections 3.1 and 3.6 of the form plan are accordingly inapplicable except that each holder of a claim secured by the Property shall comply with Bankruptcy Rule 3002.1. Disputed Claims Reserve. The closing escrow (for amounts reserved under paragraph 2) and the Trustee (for all other amounts) shall hold back from distribution amounts sufficient to pay, if and to the extent ultimately allowed, Claim No. 11 of the Condominium, the disputed portions of Claim Nos. 8 and 10, and Claim No. 1 of the New York State Department of Taxation and Finance, pending resolution of the Debtors' objections under 11 U.S.C. § 502. No reserve is required for scheduled creditors, including the New York State Unemployment Insurance Fund, Reliant Capital Solutions / Ohio Department of Taxation, AKAM Associates, Inc., and the New York City Marshal / New York City Department of Finance, that did not file a proof of claim by the applicable bar date under Bankruptcy Rule 3002(c), including the deadline for governmental units under Rule 3002(c)(1).

5. Retention of Estate Claims. The Debtors and the estate retain, and do not release, all claims and causes of action, including without limitation: (a) the claims asserted in the Debtors' motion against the New York City Marshal and the New York City Department of Finance arising from the post-petition seizure and sale of the Debtors' 2011 BMW in violation of the automatic stay (11 U.S.C. §§ 362(k), 542) [ECF No. 62]; (b) the claims scheduled on the Amended Schedule A/B [ECF No. 67] against the Board of Managers of the 130 West 30th Street Condominium, its managing agents, and related parties arising from water damage to the Property in 2019 and 2022, the handling of the Debtors' insurance claims, the foreclosure action commenced in 2023, and the service of process in that action, including claims for vacatur of the resulting judgment; (c) all claims and defenses against Metropolitan Life Insurance Company, Citibank, N.A., and their servicers, including those asserted in the Debtors' objections to Claim Nos. 8 and 10 and all claims expressly reserved therein; and (d) all defenses and objections to Claim No. 1. Any recovery on such claims shall constitute additional property available to fund the Plan or, to the extent all allowed claims have been paid in full, shall be retained by the Debtors. Nothing in this Plan or in any order confirming it shall be construed as a release, waiver, or adjudication of any such claim, or as a finding with respect to the validity, amount, or priority of any disputed claim.

6. Sale Deadline. The Debtors shall use commercially reasonable efforts to enter into a contract of sale for the Property within the term of the Listing Agreement and to close the sale within twelve (12) months of confirmation. If the sale does not close by such date, the Debtors shall promptly seek a status conference or file a modified plan pursuant to 11 U.S.C. § 1329.

7. Feasibility and Good Faith. The value of the Property, as reflected in the Amended Schedule A/B [ECF No. 67], the listing price, and the valuations in the record of this case, substantially exceeds the aggregate of all secured, priority, and unsecured claims against the estate, so that the sale will generate proceeds sufficient to pay all allowed claims in full. Pending closing, the Debtors' Amended Schedule I filed October 19, 2026 [ECF No. 75] discloses combined monthly income of $47,500, consisting of Debtor 1's net consulting income under a written agreement with a term running through March 2, 2027, paid in installments, the first of which was received in September 2026; a further consulting engagement

expected to begin in January 2027 is disclosed but, because it has not yet been executed, is not included in that figure. The Amended Schedule J filed October 19, 2026 [ECF No. 75] discloses monthly expenses of $41,228.40, of which $20,291.40 are the mortgage, home-equity, and condominium charges on the Property that will end at closing and $13,300 is a reserve for income and self-employment taxes on the consulting income, leaving net monthly income of $6,271.60. The Debtors have paid every post-petition mortgage installment and common charge and every plan payment to date from that income, and the monthly plan payment of not less than $1,400 is funded from the same source. The payments provided for in Part 2 total not less than $44,000 over the term of the Plan, which, after the Trustee's statutory commission, exceeds the $38,062.75 of general unsecured claims filed by the bar date (Claim Nos. 2, 3, 4, 5-2, 6, 7 and 9), so that the plan payments alone are sufficient to pay the filed general unsecured claims in full even before the sale closes. The Plan is feasible under 11 U.S.C. § 1325(a)(6) and is proposed in good faith under § 1325(a)(3). Because all allowed unsecured claims are paid in full, the Plan satisfies 11 U.S.C. §§ 1325(a)(4) and 1325(b), and the Plan may be completed in fewer than the months stated in Part 2 upon the closing of the sale.

**PART 9: CERTIFICATION AND SIGNATURES**

I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

/s/ David Michael Simon
Signature of Debtor 1

Dated: October 19, 2026

/s/ Lisa Danielle Goodman
Signature of Debtor 2

Dated: October 19, 2026

/s/ Michael Wainstein
Signature of Attorney for Debtor(s)

Dated: October 19, 2026

By signing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to the pre-approved Form Plan pursuant to Local Rule 3015-1 of the United States Bankruptcy Court for the Southern District of New York and contains no nonstandard provisions other that those set out in Part 8.